Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 CR 279 - 2 | **DATE** | 10/18/2004 |
| **CASE TITLE** | USA vs. Ernesto Alfaro-Herrera | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. Petitioner's petition for writ of Coram Nobis is denied. (59-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | OCT 19 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 60 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | 10/19/2004 | |
| | | 2004 OCT 19 PM 1:36 | date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,         )
                                  )
            Respondent,           )
                                  )
      v.                          )  No. 01 CR 279-2
                                  )
ERNESTO ALFARO-HERRERA,           )
                                  )
            Petitioner.           )

DOCKETED
OCT 1 9 2004

MEMORANDUM ORDER

Ernesto Alfaro-Herrera ("Alfaro"[1]) has filed a pro se document captioned "Petition for Writ of Nature Coram Nobis To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §1651" ("Petition"), in which he (not a United States citizen) seeks relief because he was not advised of his potential removal (formerly deportation) in consequence of his having pleaded guilty to a drug offense charged in a superseding information. Because Alfaro has already served his 24-month custodial sentence, habeas relief is unavailable to him--hence his attempted invocation of a writ of error coram nobis.

But in that respect Alfaro cannot surmount the legal hurdles in his path:

  1. Like habeas corpus, the coram nobis remedy requires a showing that the petitioner has suffered a violation of his constitutional rights (see, e.g., United States v.

---

[1] "Ernesto Alfaro" was the name by which the defendant was designated in the indictment in this case.

60

Scherer, 673 F.2d 176, 178 (7th Cir. 1982)). On that score Alfaro has acknowledged that neither his defense counsel nor this Court had a constitutionally-mandated obligation to apprise him of that collateral consequence of his felony conviction. As to defense counsel, see, e.g., Santos v. Kolb, 880 F.2d 941, 944-45 (7th Cir. 1989). And as to this Court, even apart from the fact that no case suggests the existence of such a judicial obligation, the first time that a district judge normally learns of a defendant's status as a noncitizen (except where the criminal offense itself is a function of such alienage) is on receipt of the presentence investigation report--well after the entry of a guilty plea. To this Court's recollection, that was the case here.

2. If the Petition were to be looked at instead simply as a motion challenging Alfaro's sentence, this Court would be without jurisdiction to grant such relief (see Fed. R. Crim. P. 35).

Accordingly the Petition must be, and it is, denied summarily.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 18, 2004